## Lyda v. New York Central Mutual Fire Insurance Co. et al.

*Gilbert S. Parnell*, for plaintiff; *E. E. Creps*, for defendant.

LANGHAM, P. J., February 26, 1932.—The plaintiff, W. J. Lyda, brought an action in assumpsit against the above-named fire insurance companies to recover $8000 from each of said companies, with interest from March 1, 1927, upon an alleged oral contract pertaining to insurance on plaintiff's building, located at Josephine, Indiana County, and used as a storeroom, which was destroyed by fire on November 7, 1926.

Plaintiff alleges in his statement of claim that J. S. Glasstetter and Glasstetter & Co., of Greensburg, were agents for the above-named defendant companies in the month of November, 1926, and were authorized to solicit and write policies of fire insurance in the name and on behalf of the said defendant companies, as appears by the records of the Insurance Commissioner of Pennsylvania.

It is further averred in the statement of claim that on November 5, 1926, the said J. S. Glasstetter and/or Glasstetter & Co., in the name of and on behalf of the companies which he or they represented and for whom he was authorized to act, and which were not designated or made known to the plaintiff, entered into an oral contract of fire insurance with the said plaintiff, whereby the said J. S. Glasstetter and/or Glasstetter & Co., on behalf of said insurance companies, including the above-named defendants, and under their authority bound

and placed in full force and effect for a period of one year from November 6, 1926, $10,000 fire insurance on said building, for which the agent received from the plaintiff "the value or consideration for said fire insurance contract or contracts of $10,000." By this clause quoted from the averments, I suppose plaintiff means that he paid the premium on $10,000 of fire insurance.

It is further averred that J. S. Glasstetter and Glasstetter & Co., at a later date, placed in the possession of the plaintiff a fire insurance policy issued by the National Lumber Mutual Insurance Company of Chicago, Ill., in the amount of $2000 on the building which was destroyed by fire on November 7, 1926.

It is also alleged that during the previous year fire insurance on the said building of the plaintiff had been written by the above-named agents, but these insurance contracts had expired on or about November 5, 1926; also that proofs of loss were submitted to the defendant companies within sixty days from the time of the fire.

Each of the defendant companies filed an affidavit of defense in the nature of a statutory demurrer, in which denial is made of any and all liability, for reasons, inter alia, as follows:

"1. The statement of claim fails to set forth a proper cause of action upon which a recovery may be allowed.

"2. The statement of claim does not set forth a good cause of action, inasmuch as the claim is based upon an alleged verbal contract of insurance, which is invalid and illegal under the provisions of sections 522, 523 and 524 of the Act of May 17, 1921, P. L. 682.

"3. The statement of claim fails to aver the rate of premium that was to be charged in the oral contract of insurance.

"4. The plaintiff's statement of claim and exhibits are not self-sustaining for an oral contract of insurance, in that they do not aver that the $8000 policy of insurance was to be written in the defendant company, but, on the other hand, paragraphs six and fifteen in the plaintiff's statement and Exhibit 'B' and the statement generally set out that the plaintiff did not know at the time of placing the insurance in what company or companies the $8000 insurance was to be written, the statement of claim showing upon its face and by its exhibits that there was no meeting of the minds."

These cases are identical in character with the case of W. J. Lyda v. National Lumber Mutual Insurance Company, of Chicago, Ill., decided by this court, except that there suit was brought for $10,000, there being a written policy of $2000 and an alleged oral agreement to place $8000 in companies not designated, as here. In that case we sustained the demurrer, and will not here repeat the discussion.

The questions of law raised in the two above-stated cases, briefly stated, are: (a) whether a verbal contract of fire insurance is good under the Act of May 17, 1921, P. L. 682, and (b) whether the statement of claim sets forth a good cause of action.

As to the first question above indicated, whilst there does not seem to be any case definitely deciding the point, it has nevertheless been referred to by the courts. In the case of Butkus v. Citizens Ins. Co., 9 D. & C. 175, 176, Judge Bechtel of Schuylkill County says:

"Section 523 of the Act of 1921, supra, is prefaced as follows: 'The standard form of policy to be issued by any stock fire insurance company shall be plainly printed, and no portion thereof shall be in type smaller than the type used in printing the form on file in the office of the Insurance Commissioner.'

"This act is plainly an act for the purpose of codifying the insurance business of the state. It contains the form of policy to be used, the size of type, how addi-

tions or alterations may be made, what may be done by companies from other states, and how their action is to be construed. It does not provide anywhere for the issuing of oral policies of insurance. While it would seem from this that it was the purpose of the legislature to abolish the issuance of oral policies of insurance, we are not deciding this case on this question. . . ."

The case of Munhall v. Travelers Ins. Co., 300 Pa. 327, is interesting in connection with the query under consideration. Mr. Justice Schaffer, in his opinion, says, at page 333:

"We are of opinion that in addition to what has been said as to plaintiff's inability to recover, a statute not referred to in the brief on either side in terms prevents oral contracts of life insurance in this state. This act (Act of May 17, 1921, P. L. 682, Art. III, Sec. 517, West's Penna. Statutes (Cumulative Supplement, 1928), page 542, Sec. 317), is a reënactment of the provision of the Act of May 1, 1876, P. L. 53, 58. It provides: 'Policies of insurance, made or entered into by any . . . company, may be made either with or without the seal thereof, and they shall be subscribed by the president, or such other officer as may be designated by the directors . . . for that purpose, and . . . attested by the secretary, and when so subscribed and attested shall be obligatory on the company,' and its effect is that all contracts of life insurance must be in writing (a wise and salutary requirement to prevent fraud) that they shall be subscribed by the president of the company or some other designated officer and be duly attested, 'and when so subscribed and attested, shall be obligatory on the company.' Under this language, a contract of insurance not in writing is not obligatory on the company."

It will be observed in the above quotation that the opinion states at one point that the act of assembly prevents oral contracts of "life insurance," and in the latter part of the paragraph includes all kinds of insurance where it is stated "a contract of insurance not in writing is not obligatory on the company." The court in that case was dealing with an alleged policy of life insurance and the decision clearly holds that such a contract must be in writing; but we are of the opinion that the same reason given for holding that a life insurance contract must be in writing requires that all contracts of insurance to be binding shall be written.

In the opinion the quotation is stated to be "section 517," which is manifestly a misprint, as an examination of section 517 will show that it is not what is quoted in the opinion. The quotation is from "section 317." Referring to the Act of May 17, 1921, P. L. 682, Art. III, Sec. 317 (as the quotation should read), we find that article three is headed "General Provisions Relating to Insurance Companies, Associations, and Exchanges," and all the provisions of said article three refer to all kinds of insurance companies, and in the subsequent portions of the act specific kinds of insurance and insurance companies are dealt with, for instance, article four being "Life Insurance," article five "Fire and Marine Insurance," etc. The Supreme Court having held in the case of Munhall v. Travelers Ins. Co., supra, that article three, section 317, of the Act of May 17, 1921, "prevents oral contracts of life insurance in this state," then we are of the opinion that the same statutory provision prevents oral contracts of fire insurance in this state, since the portion of the statute in question applies as well to fire insurance companies and contracts as to life insurance companies and contracts. And consequently, on this line of reasoning, it may be said that the statement of the court at page 334 of the opinion, to wit, "Under this language, a contract of insurance not in writing is not obligatory on the company," is not mere dictum, but a definite expression of the law in Pennsylvania as to oral contracts of insurance.

However, regardless of the position that may be taken on the first question presented and as above discussed, we hold that the second inquiry should be resolved in favor of the defendant, viz., that the statement of claim does not set forth a good cause of action. As indicated heretofore, the same question has been decided by this court in the case of W. J. Lyda v. National Lumber Mutual Ins. Co., of Chicago, Ill., No. 371, June Term, 1927. Examination of the statements of claim in the two cases now under consideration will disclose the same defects that existed in the statement filed at No. 371, June Term, 1927. They are similar in their averments as to the nature of the alleged contracts, the proofs of loss, etc. Accordingly, we hold that the demurrer in each case should be sustained.

### Order

And now, February 26, 1932, this case came on to be heard by argument of counsel, whereupon the case was submitted on the papers filed, and upon due consideration thereof it is adjudged and decreed that the demurrer in each of the above-stated cases be sustained, and it is ordered and directed that the prothonotary enter judgment in favor of the defendant in each of the above-stated cases.

From James L. Jack, Indiana, Pa.